NEW-YORK,
May, 1822.

VAN NESS
v.
HAMILTON.

---

VAN NESS *against* HAMILTON and others.

Where a rule on a judgment of the Court, on demurrer, gives a party leave to *amend* his plea, within a certain specified time, on payment of costs; an *order* of a Judge, at his chambers, or of the *Recorder* of the city of *New-York*, extending the time allowed by the Court, is irregular and void.

WELLS, for the plaintiff, moved to vacate two several orders of the Recorder of the city of *New-York*, made in the above cause; and for a rule that a writ of inquiry of damages issue in the cause, to be executed before one of the Judges of this Court. He read an affidavit, stating, that, at the last *January* term, the Court, on demurrer, overruled the special pleas put in by the defendants; but gave them leave to amend the pleas in *forty days*, on payment of costs. That,

a few days before the expiration of the forty days, the *Recorder* (Mr. *Riker*) granted an order, extending the time to amend forty days more ; and on the 15th of *April* last, the Recorder granted a second order, extending the time to amend to the last day of the present term, to give the defendants an opportunity of applying to the Court to point out and specify to them such further particulars, not referred to in the opinion delivered by the Chief Justice, on the decision on the demurrer, wherein the pleas, in the judgment of the Court, were considered defective.

*Wells* contended, that the orders of the Recorder were wholly irregular and void. In *Stansbury* v. *Durell*, (1 *Johns. Cas.* 396.) the Court decided, that where proceedings are stayed upon certain conditions, those conditions must first be complied with, before the defendant can be entitled to the benefit of the rule ; and that it was irregular to apply to a Judge, at his chambers, for any further order.

*J. Hamilton*, contra, objected, that the plaintiff should have first applied to the *Recorder* to revoke the orders, &c. He read a petition of the defendants, pursuant to a notice given to the plaintiff's attorney, praying the Court to point out and specify such further particulars, not referred to in the opinion of the Court on the demurrer, wherein the pleas are, in the judgment of the Court, defective ; and to allow the defendants a reasonable time, after they shall receive the instruction of the Court, to amend their pleas conformably thereto.

*Per Curiam.* The Recorder of the city of *New-York* had no jurisdiction whatever to grant these orders. The *time* allowed by the Court was one of the *conditions* on which we granted the defendants leave to amend their pleas, when judgment was given for the plaintiff, on the demurrer. It was *res judicata.* The Recorder had no power or authority to vary the judgment of this Court. His orders, therefore, were null and void ; and we grant the motion to vacate them ; and we give the defendants *forty* days, from the end of the

present term, to plead anew, upon the terms and conditions of the rule in *January* term last, without costs on either side.

Rule accordingly.